RECEIVED CLERK
OCT 11 2016
U.S. DISTRICT COURT

FILED
U.S. DISTRICT COURT
2016 OCT 12 A 11: 31
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Greg Smith, Attorney (USB 6657)
ALA PC
8813 S. Redwood Road Suite C-2
West Jordan, UT 84088
Telephone 801-255-0123/801-651-1512
Fax: 801-255-2134
Email: gs@justiceinutahnow.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
IN THE TENTH CIRCUIT
STATE OF UTAH

| | |
|---|---|
| KRISTEN BRIETENBUECHER<br><br>Plaintiff<br><br>vs.<br><br>BAR DOWN SPORTS BAR AND GRILL LLC AND SELINA KIRKBRIDE<br><br>Defendants | **COMPLAINT**<br><br>Case No.<br><br>Judge:<br><br>Case: 2:16cv01048<br>Assigned To : Parrish, Jill N.<br>Assign. Date : 10/11/2016<br>Description: Brietenbuecher v. Bar Down Sports Bar et al |

Plaintiff files this Complaint and complains against Defendant as follows:

# I. PARTIES

Kristen Brietenbuecher and Selina Kirkbride are individual citizens, who both reside in Utah. BAR DOWN SPORTS BAR AND GRILL LLC is a business located in Utah, and

1

is in good standing. The Utah entity number is 9339023-0160. The company type is "LLC – Domestic." The address listed is 9483 S HUNTS END DRIVE Sandy, UT 84092. Bar Down does business in part in West Jordan, Utah, (7078 South Redwood Road).

## II. JURISDICTION AND VENUE

This Court has personal jurisdiction over Defendants pursuant to Utah Code §§ 78A-5-102 and 78B-3-205 because, inter alia, the causes of action asserted herein arise out of Defendants' contacts and business dealing with Karen Brietenbuecher and Defendants were in Utah. Moreover, Defendants maintain substantial, continuous, and systematic contacts with the state of Utah, sufficient to justify this Court's exercise of personal jurisdiction with respect to any and all claims against Defendants. The Court also has jurisdiction under § 18 USC 2510 et seq. The Court this has been filed in is a court of general jurisdiction, and under 29 U.S. Code Chapter 8 - FAIR LABOR STANDARDS (and 29 U.S. Code § 216 - Penalties), The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367. Supplemental jurisdiction is needed for "gap time," in other words, for wages that were earned above and beyone minimum wage, but perhaps not part of overtime hours.[1]

---

[1] Plaintiff is seeking what she is owed under the FLSA, plus "gap time," and unjust enrichment which relies on Utah state claims such as breach of contract and unjust enrichment/quantum meruit. In other words, for wages for fewer than forty hours per week

## III. VENUE

Venue is proper in this Court pursuant to Utah Code § 78B-3-304(2) because the activities either took place in Salt Lake County, State of Utah, or that is where Defendants reside.

## IV. STATEMENT OF FACTS

1. Defendants' business makes over $500,000 per year.

2. Plaintiff routinely processed credit card payments for Defendants while she worked for them, and she was a covered employee under the FLSA.

3. Defendants' business has at least two employees, and did at all time while Plaintiff worked for them.

4. Defendants are both employers per 29 U.S.C. § 201, et. seq. of the FLSA, and pursuant to 29 U.S.C. § 215(a)(3).

5. Defendants did not properly pay Plaintiff overtime nor minimum wages per Utah and Federal laws.

---

at a rate greater than the minimum wage-which are not recoverable under the FLSA. Plaintiff's recovery of such "gap time" wages is premised on the notion that an employer may not be liable under the FLSA "as long as the overall earnings for the non-overtime workweek in which the gap time hours worked equal or exceeded the amount due at the FLSA minimum wage for all hours worked in that week, including gap time hours." Federal Courts have allowed such claims for unjust enrichment or quantum meruit to proceed when the claim seeks something more than what the FLSA can provide—such as regular wages not paid at the contracted rate or "gap time" wages. This case also involves a failure to reimburse Mrs. Hathaway for the use of her car (wear and tear), her insurance, and gasoline. *See* Tommey v. Computer Scis. Corp., No. 11-CV-02214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013); <u>Sanchez v. Haltz Construction, Inc.</u>, 2012 WL 13514, *8 (N.D.Ill. Jan. 4, 2012) (citing <u>Nicholson v. UTi Worldwide, Inc.</u>, 2010 WL 551551, at *5 (S.D.Ill. Feb. 12, 2010)); *Osby v. Citigroup, Inc.*, 2008 WL 2074102, *2 (W.D.Mo. May 14, 2008).

6. In fact, they never gave her a paycheck for any of her work.

7. This case has Fair Labor Standard Act claims (pursuant to an act of the US Congress), thus a federal question is involved.

8. This action also arises pursuant to Utah's statutory wage laws, and Utah contract and common law (unjust enrichment/*quantum meruit*, breach of contract and conversion).

9. Plaintiff was at all relevant times a non-exempt employee for purposes of the FLSA while she worked for Defendants,

10. and she was not an independent contractor.

11. At all times while Plaintiff worked for Defendants, Defendants were an "enterprise engaged in commerce" within meaning of the Fair Labor Standards Act (FLSA), which defines an "enterprise engaged in commerce" as one whose annual gross volume of sales made or business done was not less than $500,000. Fair Labor Standards Act of 1938, §§ 3(s)(1), 7(a)(1), 29 U.S.C.A. §§ 203(s)(1), 207(a)(1).

12. Defendants' business engages in many commercial and construction endeavors, and has many clients, and they engage in the daily use of the US mail system, and the international delivery system of other carriers such as FedEx and UPS to send and receive things in and out of Utah, and they regularly do business with those clients via the telephone, US mail service, in person, and via the internet.

13. Defendants frequently travel on the United States roads for Defendants.

14. Selina Kirkbride is an "employer" for purposes of the FLSA in this case, is a Utah resident, who is domiciled in Utah, and she acted directly or indirectly in the interest of an employer in relation to Plaintiff,

15. Selina Kirkbride suffered or permitted Plaintiff to work for Defendants, and she is largely responsible for why Plaintiff has not been paid.

16. Selina Kirkbride had and has operational control of Bar Down (the covered enterprise), who should be jointly and severally liable under the FLSA for the unpaid wages.

17. Selina Kirkbride supervised and controlled Plaintiff's work schedule, and she regulated the conditions of her employment.

18. Selina Kirkbride picked the materials and tools to be used by Plaintiff.

19. Further, Selina Kirkbride was the one that maintained the employment records of Plaintiff,

20. and Selina Kirkbride is the one that set the schedule for Plaintiff,

21. and Selina Kirkbride is the one that decided Plaintiff should not be properly paid for Plaintiff's work.

22. Selina Kirkbride also monitored Plaintiff's performance, evaluated her work, and was the one that addressed and resolved employee issues as they arose.

23. The time for Defendants to properly pay Plaintiff has come and passed.

24. Plaintiff was hired to work for Defendants on or about January 6, 2016.

25. She never got a single paycheck from Defendants.

26. Thus, she was not even paid minimum wage for the time she worked by Defendants.

27. Defendants did not keep pay and work records.

28. Plaintiff was a bartender, server, cook, cashier, and janitor (these were non-exempt positions).

29. Plaintiff was effectively fired by Defendants because she refused to work free for them, and Defendants have retaliated against Plaintiff by refusing to give her any sort of a paycheck, even though Plaintiff clearly worked for Defendants.

30. Defendants' refusal to pay Plaintiff pursuant to federal and state wage and hour laws is willful and malicious.

31. Plaintiff made a written demand that she be paid (on or about March 10, 2016), but that was totally ignored (Defendants have still paid her nothing).

32. Plaintiff worked about 55 hours per week for Defendants, around 330 hours (from January 6, 2016 through February 17, 2016.).

33. At a minimum, she is owed 330 * 7.25 (that amount doubled is $4,785)

34. Her attorney fees at this point are over $2,000.

35. Defendants failed to provide her with any tip credit information.

## V. CAUSES OF ACTION

### COUNT I

Fair Labor Standards Act of 1938, § 16(b), 29 U.S.C.A. § 216(b)

36. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

37. The FLSA requires covered employers to pay a minimum wage and overtime wages.

38. Defendants was a covered employer the entire time Plaintiff worked for Defendant.

39. While working for Defendants, Plaintiff was a non-exempt employee, who often worked beyond forty (40) hours in her workweeks, but Defendant not only failed to pay her proper overtime wages, but refused to even pay her minimum wage for any week she worked for them.

40. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), 29 USC §§ 206-207 and other laws entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs when their employer has failed to pay minimum wages or overtime, for which Plaintiff prays.

41. At all times relevant to this action, Defendant willfully failed and refused to pay Plaintiff both federal minimum wages and overtime wages required by the FLSA to Plaintiff's.

42. The amounts of damages will be proven at trial.

## COUNT II
## Unjust Enrichment

43. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above. Plaintiff repeatedly and continuously conferred benefits on Defendants.

44. Defendants knew they were taking advantage of Plaintiff because the benefits at issue were the type of benefits for which a person (particularly an employee) would normally be paid.

45. In other words, Defendants appreciated and had knowledge of the benefits at issue.

46. Finally, Defendants knowingly accepted and retained the benefits at issue under such circumstances as to make it inequitable for Defendants to retain the benefits of Plaintiff's work without payment of that value to Plaintiff.

47. In other words, Plaintiff's claim meets all the elements as sort forth in *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 13, 12 P.3d 580, 582-83 and *State v. Levin*, 2006 UT 50, ¶ 13, 144 P.3d 1096.

## VI. JURY DEMAND

48. Plaintiff requests a jury trial.

## VII. PRAYER FOR RELIEF

49. Plaintiff requests and prays that this Court:

   a. Adjudge and decree that Defendants have engaged in the conduct alleged herein;

   b. Enjoin and restrain Defendants and its officers and agents from continuing or engaging in similar conduct as alleged herein;

   c. Order that Defendants pay all statutory damages as a result of their unlawful conduct;

   d. Order that Defendants pay all compensatory damages as a result of their unlawful conduct such as liquidated damages (an equal amount of the unpaid overtime);

   e. Order Defendants to identify victims of its unlawful conduct;

   f. Award attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

    g. Grant all other such relief as the Court deems necessary and proper, and what has been prayed for *supra*.

DATED THIS 2nd day April, 2016

    <u>/s/ Gregory B. Smith</u>
    Attorney for Plaintiff